IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| JOEL H. FINLEY, ) | |
| ) | |
|       Plaintiff, ) | |
| ) | |
| vs. ) | Civil No. 2014-52 |
| ) | |
| GARY D. MOLE, ) | |
| ) | |
|       Defendant. ) | |
| _____ ) | |

## ORDER

Before the Court is the plaintiff Joel H. Finley's motion [DE 44] for reconsideration of the Court's April 1, 2015 Memorandum Opinion and Order ("April Order") [DE 40].[1] Defendant Gary D. Mole opposes the motion. [DE 45].

### I.    APPLICABLE LAW

Local Rule of Civil Procedure 7.3 permits motions for reconsideration[2] only where there is: (1) intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.[3] LRCi 7.3; *accord Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Such motions are not substitutes for appeals, and are not to be used as 'a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised

---

[1] The relevant facts of this case are set forth in this Court's decision in *Finley v. Mole*, 2015 U.S. Dist. LEXIS 42669 (D.V.I. Apr. 1, 2015) and will not be reiterated here.

[2] A motion for reconsideration "shall be filed within fourteen (14) days after entry of the order or decision unless the time is extended by the Court." LRCi 7.3. Plaintiff filed his motion on April 17, 2015 in accordance with the Court's order dated April 16, 2015. [DE 43].

[3] Manifest injustice means "the Court overlooked some dispositive factual or legal matter that was presented to it that might reasonably have resulted in a different conclusion." *Bank of Nova Scotia v. Ross*, 2014 U.S. Dist. LEXIS 135848, at *28 (D.V.I. Sept. 26, 2014) (internal quotation marks omitted); *see George v. George*, 2015 U.S. Dist. LEXIS 27003, at *4 (D.V.I. Mar. 5, 2015) (noting manifest injustice has also been defined as "an error in the trial court that is direct, obvious, and observable") (internal quotation marks omitted).

before but were not.'" *Cabrita Point Dev., Inc. v. Evans*, 2009 U.S. Dist. LEXIS 93474, at *6 (D.V.I. Sept. 30, 2009) (quoting *Bostic v. AT&T*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004)). Reconsideration "is an extraordinary remedy and should be granted sparingly." *Bank of Nova Scotia v. Ross*, 2014 U.S. Dist. LEXIS 135848, at *28 (D.V.I. Sept. 26, 2014) (internal quotation marks omitted).

## II. DISCUSSION

Finley asserts the need to prevent manifest injustice and clear error support his motion for reconsideration of the April Order. Specifically, he contends the Court improperly construed disputed material facts in Mole's favor and suggests the Court misapplied or misunderstood the relevant law.

Finley fails to identify any disputed material fact. In fact, nothing in his motion establishes that he is entitled to the relief he requests. Rather, Finley expresses mere disagreement with the Court's conclusion that because Finley and Mole "have comparable bargaining power and sophistication," "it is nonsensical to assume Finley did not understand the import of paragraph 6 and the other parts of the Finley-Mole Agreement."[4] The Court finds support for its conclusion in Finley's own testimony. Finley testified that he worked with Mole for many years, overseeing average revenue of $500,000 per month and managing a staff of approximately 50 employees. Finley testified further that the Finely-Mole Agreement was a stand-alone contract, not conditioned or contingent upon any other document. Finley also testified that his agreement with Talley was "a different deal" that "didn't have to do with" the Finley-Mole Agreement. Finally, Finley testified to signing the Finley-Mole Agreement. Finley does not contest any of these facts.

---

[4] Finley claims the Court "improperly g[ave] Mole the benefit of the doubt in assuming . . . the parameters of Finley's understanding of the" Finley-Mole Agreement." Pl.'s Mem. at 3. This claim is belied by Finley's later concession that "the [Finley-Mole] [A]greement is clear and was entered into voluntarily." *Id*. at 5.

Finley's second argument reads like a stream-of-consciousness narrative. The Court is unable to decipher this second argument with the exception of the following: (1) the Court's alleged error in applying the parol evidence rule and (2) the Court's failure to consider the "gist of the action" doctrine. Finley seems to argue the Court was "not presented with a question as to parole evidence" because he did not "seek to interpret a different meaning from the" Finley-Mole Agreement. Pl.'s Mem. at 5 (stating the Finley-Mole Agreement is "clear" – i.e., it expressly disclaims reliance on representations or promises not contained in the writing). Rather, argues Finley, "Mole, through Mr. Talley created a fraudulent status quo, whereby Finley, based on the fraudulent facts, not representations, agreed to dismiss his claims against Mole.," which apparently warrants application of the "gist of the action" doctrine. Pl.'s Mot. at 4-5 (citing *eToll, Inc. v. Elias/Savion Adver.*, 811 A.2d 10 (Pa. Super. Ct. 2002); *Addie v. Kjaer*, 51 V.I. 507 (D.V.I. 2009)). The Court is at a loss as to the applicability of the "gist of the action" doctrine in these circumstances. Regardless, Finley may not use a motion to reconsider to advance arguments that could have been -- but were not -- raised earlier. *See Cabrita Point Dev., Inc.*, 2009 U.S. Dist. LEXIS 93474, at *6.

In sum, Finley simply expresses disagreement with the Court's decision or raises new legal arguments that he did not previously raise but could have.

## CONCLUSION

For the foregoing reasons, it is HEREBY ORDERED that Finley's motion for reconsideration [DE 44] is DENIED.

**Dated:** July 16, 2015                    S\_____
                                                              **RUTH MILLER**
                                                              United States Magistrate Judge